

**U.S. Department of Justice**
United States Attorney
District of New Jersey

---

*James Graham*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

Phone: 973-645-2869

March 24, 2025

Jason LeBoeuf, Esq.
651 Old W Mt. Pleasant Avenue Suite 150
Livingston, New Jersey 07039

      Re: <u>Plea Agreement with Jamal Ricks</u>

Dear Mr. LeBoeuf:

      This letter sets forth the plea agreement between your client, Jamal Ricks ("RICKS"), and the United States Attorney for the District of New Jersey ("this Office"). **The Government's offer to enter into this plea agreement expires on April 4, 2025.**

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from RICKS to a two-count Information, charging him in Count One with conspiracy to distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846; and in Count Two with distribution and possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

      If RICKS enters a guilty plea and is sentenced on these charges and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against RICKS for: conspiring to distribute, distributing, or possessing with intent to distribute controlled substances from in or around January 2021 through in or around June 2023. However, the parties agree that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against RICKS even if the applicable statute of limitations period for those charges expires after RICKS signs this agreement, and RICKS agrees not to assert that any such charges are time-barred.

## Sentencing

The violation of 21 U.S.C. § 846 to which RICKS agrees to plead guilty in Count One of the Information carries a statutory mandatory minimum prison sentence of 5 years, a statutory maximum sentence of 40 years' imprisonment, and a statutory maximum fine equal to $5,000,000.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which RICKS agrees to plead guilty in Count Two of the Information carries a statutory maximum sentence of 20 years' imprisonment, and a statutory maximum fine of $1,000,000.

The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence RICKS is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon RICKS is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine, subject to the statutory mandatory minimum term of imprisonment on Count One. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence RICKS ultimately will receive.

Further, in addition to imposing any other penalty on RICKS, the sentencing judge as part of the sentence:

(1) will order RICKS to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order RICKS to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

(3) must order forfeiture, pursuant to 18 U.S.C § 924(d), 28 U.S.C. § 2461, and 21 U.S.C. § 853;

(4) may deny RICKS certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) with respect to Count One, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, must require RICKS to serve a term of supervised release of at least 4 years, which will begin at the expiration of any term of imprisonment imposed. Should RICKS be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, RICKS may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

(6) with respect to Count Two, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, must require RICKS to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should RICKS be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, RICKS may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Forfeiture</u>

As part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, RICKS agrees to forfeit to the United States any and all property constituting or derived from any proceeds the RICKS obtained, directly or indirectly, as the result of the violations charged in the Information, and all of the defendant's right, title, and interest in any property in which the defendant has an interest that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violations charged in the Information.

The defendant further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, and that such Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the Bureau of Alcohol, Tobacco, Firearms, and Explosives indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

RICKS waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. RICKS understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of RICKS's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. RICKS waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on RICKS by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of RICKS's activities and relevant conduct with respect to this case.

## Stipulations

This Office and RICKS will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release either this Office or RICKS from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and RICKS waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

RICKS understands that, if RICKS is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. RICKS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. RICKS wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. RICKS understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.

Accordingly, RICKS waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against RICKS. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against RICKS.

No provision of this agreement shall preclude RICKS from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that RICKS received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between RICKS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

JOHN GIORDANO
United States Attorney

By: JAMES H. GRAHAM
Assistant U.S. Attorney

APPROVED:

ELAINE K. LOU
Deputy Chief, Criminal Division

6

I have received this letter from my attorney, Jason LeBoeuf, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                    Date:  5/30/25
Jamal Ricks


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                    Date:  5/30/25
Jason LeBoeuf, Esq.

## Plea Agreement with Jamal Ricks

### Schedule A

This Office and Jamal Ricks ("RICKS") agree to stipulate as follows:

1. The version of the Guidelines effective November 1, 2024, applies in this case.

2. From at least as early as in or around January 2021 through in or around June 2023, in Passaic County, in the District of New Jersey and elsewhere, RICKS knowingly and intentionally conspired with others to distribute and possess with intent to distribute over 280 grams but less than 400 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

3. On or about May 18, 2023, in Hawthorne, New Jersey, in the District of New Jersey, RICKS knowingly distributed and possessed with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance. Specifically, he distributed and possessed with intent to distribute more than 4 grams but less than 8 grams of fentanyl, a Schedule II controlled substance.

4. To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

5. The parties agree that a term of imprisonment of **96 months (the "Stipulated Sentence")** is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). Neither party will argue for a term of imprisonment above or below 96 months. The parties recognize, however, that the Stipulated Sentence will not bind the District Court.

6. If the District Court imposes a term of imprisonment within the Stipulated Sentence:

    a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

    b. RICKS will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28

    U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition or writ however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

  c. These waiver provisions, however, do not apply to:

    i. Any proceeding to revoke the term of supervised release;

    ii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

    iii. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

7. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.